The State of Connecticut vs. John T. Sliney,
Administrator, et als.

Third Judicial District, Bridgeport, October Term, 1905.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

After giving the residue of her estate, which consisted of money in
savings-banks and notes secured by mortgage, to *K* in trust to pay
therefrom the premiums on a policy of insurance on the life of *M*,

a testatrix bequeathed to $K$ " the use, improvement, income, and enjoyment" of any money that remained after paying such premiums.   *Held* that $K$ was not restricted to the mere use of the excess-income, but took such income absolutely and in fee.

Argued October 25th—decided December 15th, 1905.

ACTION upon a probate bond, brought to and tried by the Court of Common Pleas in New Haven County, *Ullman, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff.   *No error.*

*William A. Wright,* for the appellant (plaintiff).

*Edmund Zacher,* for the appellees (defendants).

TORRANCE, C. J.   This case involves the construction of the eleventh section of the will of Mary Gallagher, who died in September, 1892.   In that section she created a trust, and appointed as trustee thereof her son-in-law, Bernard F. Kivlan.   After settling her estate as executor, Kivlan, in January, 1894, qualified as such trustee, and gave the bond in suit, executed by himself as principal and three sureties.   Kivlan died in April, 1902, and one of the sureties died in February, 1903, and this suit is against Kivlan's estate, the two surviving sureties, and the estate of the deceased surety.

The trust estate consisted of money in savings-bank and notes secured by mortgage.   Between January, 1894, and the time of his death in April, 1902, Kivlan as trustee received an income from the trust fund, in excess of premiums paid and other proper charges, amounting in all to the sum of $421.68, for which neither he nor his estate has ever accounted.   This suit is brought to recover the amount so received.   McGuire survived Kivlan.   In the trial court the defendants claimed that the money so received belonged to Kivlan under the terms of the will, and the court sustained that claim ; and whether it erred in so doing depends upon the construction of the eleventh clause of the will.

The will contains twelve clauses. The first merely directs the payment of debts and funeral expenses, and the twelfth appoints Kivlan as executor. In the second the testatrix devises certain real estate to certain children of her brother Patrick Williams. In the third, fourth, and fifth, she devises real estate to three of the children of Ellen Williams, and in the sixth she gives certain sums of money to each of the remaining two children of Ellen Williams. In the seventh, eighth, and ninth clauses, she makes certain bequests of money to divers persons. In the tenth clause she gives her son-in-law, Kivlan, the life use of certain real estate, and gives the remainder over to the children of Ellen Williams. The eleventh clause reads as follows : " All the rest and residue of my estate I give, devise, and bequeath to said Bernard F. Kivlan, in trust, however, and for the purpose of paying the premiums on a certain policy of insurance on the life of John McGuire, of said Branford; and if any money remains after paying said premiums, I give, devise, and bequeath the use, improvement, income, and enjoyment of the same to said Bernard F. Kivlan; and upon the death of said John McGuire said trust shall cease; and thereafter I give, devise, and bequeath the use, improvement, income, and enjoyment of said rest and residue of my estate to said Bernard F. Kivlan during his natural life, and upon the death of said Bernard F. Kivlan I give, devise, and bequeath said rest and residue of my estate to the children of said Ellen Williams, to be theirs and their heirs forever, in fee simple; and in the case of the death of any of the said children of Ellen Williams before my decease, I give, devise, and bequeath to the children of said children of Ellen Williams the share that the parents would have been entitled to if living."

The dispute between the parties arises out of these words of the eleventh clause: " and if any money remains after paying said premiums, I give, devise, and bequeath the use, improvement, income, and enjoyment of the same to said Bernard F. Kivlan." The plaintiff contends that under these words Kivlan took only the use of the sums received by him

as income in excess of premiums and charges; while the defendants claim that he took such sums as his own. We think the claim of the defendants must be sustained. In the clauses of her will preceding the eleventh, the testatrix had disposed of the great bulk of her estate, apparently; and her main object in the eleventh seems to be to provide for the payment of the premiums upon the McGuire policy as they should become due from time to time. She doubtless knew the amount of the residue of her estate which would be required to meet them. That residue consisted entirely of money, and notes secured by mortgage, the equivalent of money; and she devotes the whole of it, principal as well as income, to the payment of the premiums. Upon a careful reading of the eleventh clause of the will we think it clear that the testatrix intended (1) that the premiums should be paid at all events, even if it took the entire residue; (2) that if after the payment of premiums, from time to time, there should be income from the residue, in excess of such payments, that excess should belong to Kivlan; (3) that at McGuire's death the entire income of the residue should belong to Kivlan for life; and (4) that at Kivlan's death the residue should go to the children of Ellen Williams. By the clause in question the testatrix intended to benefit three, and only three parties: McGuire, Kivlan, and the children of Ellen Williams. McGuire was to have his premiums paid, Kivlan was to have the income of the trust fund not required to pay premiums, and the children of Mrs. Williams were to have that fund as it should be when the payment of premiums ceased. In short, we think the eleventh clause, when read as a whole in the light of the facts found and of the other parts of the will, shows a clear intent that Kivlan should have all the income from the residue not needed for the payment of premiums.

There is no error.

In this opinion the other judges concurred.